UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JESUS EMIGDIO-NERI,

Petitioner,

v.

TODD BLANCHE, ACTING ATTORNEY GENERAL OF THE UNITED STATES, DEPARTMENT OF JUSTICE; MARKWAYNE MULLIN, SECRETARY OF HOMELAND SECURITY; TODD LYONS, SENIOR OFFICIAL PERFORMING THE DUTIES OF THE DIRECTOR OF U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; PATRICK DIVVER, FIELD OFFICE DIRECTOR OF THE SAN DIEGO IMMIGRATION AND CUSTOMS ENFORCEMENT OFFICE; JORGE VELARDE, ASSISTANT FIELD OFFICE DIRECTOR OF THE IMMIGRATION AND CUSTOMS ENFORCEMENT, OTAY MESA DETENTION CENTER,

Respondents.

Case No.:  3:26-cv-02802-LEK-DEB

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

Before the Court is Petitioner Jesus Emigdio-Neri's ("Petitioner") Petition for Writ of Habeas Corpus by a Person in De Facto Federal Custody Under 28 U.S.C. § 2241 and Request for Order to Show Cause ("Petition"), filed on May 3, 2026. [Dkt. no. 1.]

Petitioner is a Mexican national. [Petition at ¶ 10.] According to the Department of Homeland Security ("DHS") Notice of Intent/Decision to Reinstate Prior

Order that was issued to Petitioner on September 19, 2014, Petitioner was initially removed from the United States on November 28, 2011, and reentered the United States on December 12, 2011. See id., Exh. C at 4. On September 19, 2014, Petitioner was apprehended and DHS placed him on an Order of Supervision. [Petition at ¶ 17.] On September 12, 2025, an immigration officer found that Petitioner had expressed a reasonable fear of persecution or torture and referred Petitioner's immigration case for a determination in accordance with Title 8 Code of Federal Regulations Section 208.31(e). [Id., Exh. C at 2 (second page of DHS Notice of Referral to Immigration Judge, dated 9/12/25).]

On December 18, 2025, while at a monitoring appointment, Petitioner was taken into custody, without being afforded a pre-deprivation hearing, and informed that DHS had cancelled his Order of Supervision. [Petition at ¶ 20.] On December 21, 2025, Petitioner was removed to Mexico. See id. at ¶ 21. As of the date the Petition was filed, Petitioner was staying in Tijuana, Mexico with a friend. [Id., Exh. A (Declaration of Jesus Emigdio-Neri ("Petitioner's Decl.")) at pg. 8.]

"[A] non-citizen who has 'already been removed' prior to filing a habeas petition 'do[es] not satisfy the 'in custody' requirement of habeas corpus jurisdiction.'" Smith v. U.S. Customs & Border Prot., 741 F.3d 1016, 1019 (9th Cir. 2014) (some citations omitted) (quoting Miranda v. Reno, 238 F.3d 1156, 1159 (9th Cir. 2001)). The Ninth Circuit Court of Appeals has "long held that a petitioner 'cannot avail himself of habeas corpus jurisdiction' once he has been removed, because once removed, he is 'no longer in custody.'" Id. at 1020 (quoting Miranda, 238 F.3d at 1158-59; see also K.M.H.C. v. Barr, 437 F. Supp. 3d 786, 791-92 (S.D. Cal. 2020) (concluding that the petitioner failed to establish she was in custody for habeas purposes after she was removed to Mexico).

Although Petitioner asserts that he is under "*de facto* custody in Tijuana, Mexico," [Petition at ¶ 10,] he presents no legal or factual basis to support this assertion.

3:26-cv-02802-LEK-DEB

See, e.g., Petitioner's Decl. at pgs. 7-8 (stating that Petitioner was taken to a shelter and told to not leave the shelter for three days but also stating that Petitioner left the shelter on December 22, 2025 to see a family friend and his minor children). Because Petitioner has already been removed from the United States and is no longer in custody, *de facto* or otherwise, the Court concludes that it lacks jurisdiction over the instant case. See Smith, 741 F.3d at 1019-20.

Petitioner's constitutional and other statutory claims, however, may survive his removal, but a petition for habeas corpus is not the appropriate vehicle to assert these claims. See, e.g., Musaeva v. Cantu, No. CV-25-04529-PHX-MTL (ASB), 2026 WL 172026, at *1 (D. Ariz. Jan. 22, 2026). These claims may be reasserted by filing a civil complaint.

## CONCLUSION

For the foregoing reasons, the Petitioner Jesus Emigdio-Neri's Petition for Writ of Habeas Corpus by a Person in De Facto Federal Custody Under 28 U.S.C. § 2241 and Request for Order to Show Cause, filed May 3, 2026, is DENIED WITHOUT PREJUDICE to the filing of a civil action asserting any claims that survive his removal. The Clerk's Office is DIRECTED to close the case.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, May 14, 2026.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

**JESUS EMIGDIO-NERI VS. TODD BLANCHE, ETC., ET AL; CV 26-02802 LEK-DEB; ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

3:26-cv-02802-LEK-DEB